IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA ANN T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CASE NO. 1:25-cv-460-JTA |
| | ) |
| FRANK BISIGNANO, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Rebecca Ann T. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Plaintiff's application for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court construes Plaintiff's brief in support of her Complaint (Doc. No. 13) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint as a motion for summary judgment (Doc. No. 17). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 5, 6.)

After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's

---

[1] Document numbers as they appear on the docket sheet are designated as "Doc. No."

motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.    PROCEDURAL BACKGROUND AND FACTS[2]

Plaintiff is an adult female[3] with at least a high school education and no past relevant work. (R. 25–26.) She alleged a disability onset date of January 1, 2020, due to post traumatic stress disorder ("PTSD") and a lumbar condition. (R. 190, 227.)

In May 2023, Plaintiff protectively filed an application for SSI and for a period of disability and DIB under Titles II and XVI of the Social Security Act. Her claim was denied initially and upon reconsideration. Following an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. (R. 1-32.) The hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

On June 20, 2025, Plaintiff filed this civil action for judicial review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. This matter is ripe for review.

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 10.)

[3] Plaintiff was 33 years old on her alleged onset date. (R. 25.)

applied. 42 U.S.C. § 405(g).[4] *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("In Social Security appeals, we must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004))). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (citation modified). The court "will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).[5] However, the court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." (quotation and brackets omitted)).

---

[4] Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[5] The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for disability must prove that she is disabled. *See* 20 C.F.R. §§ 404.1505, 416.920(a)(4).[6] The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. The ALJ must determine (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment or combination of impairments; (3) whether the severe impairment meets or exceeds an impairment in the Listings of Impairments; (4) whether the Plaintiff can perform her past relevant work despite the impairment; and (5) whether Plaintiff can perform other jobs that exist in the national economy[7] given her residual functional capacity ("RFC"), age, education, and work experience. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1101–02 (11th Cir. 2021).[8] Plaintiff has the burden of proof on the first four steps and the Commissioner

---

[6] Although DIB and SSI are separate programs, the standards for determining disability are identical.  *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

[7] To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel*, 631 F.3d at 1180.

[8] *Simon* was superseded on other grounds by 2017 regulations abrogating the treating physician rule. *See Harner v. Soc. Sec. Admin., Comm'r,* 38 F.4th 892, 894 (11th Cir. 2022).

carries the burden on the fifth step. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020). If the Commissioner carries the burden at the fifth step, the burden shifts back to Plaintiff to prove she is unable to perform the jobs suggested. *Id*.

## IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023, but had not engaged in substantial gainful activity since September 1, 2022. (R. 19–20.)[9] The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: PTSD, generalized anxiety disorder, unspecified depressive disorder, obesity, lumbar spine facet changes, and lumbago. (R. 20.) The ALJ also determined Plaintiff had the non-severe impairment of lumbar radiculopathy. (*Id*.)

The ALJ concluded that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20.) The ALJ also concluded that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[10] with certain restrictions:

> [Plaintiff can] occasionally lift twenty pounds; frequently lift ten pounds; frequently climb; unlimited balancing; occasionally stoop; frequently kneel

---

[9] Because Plaintiff had previously filed Title II and Title XVI applications that were denied on August 31, 2022, the relevant time period was amended to begin on September 1, 2022. (R. 17.)

[10] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of an arm or leg controls." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

and crouch; [and] occasionally crawl. [Plaintiff] is limited to understand, remember, and carry out simple instructions. [She] can have occasional interaction with [the] general public, co-workers, and supervisors. [Plaintiff] can perform no production pace work and is limited to work with no more than occasional changes in work setting.

(R. 22.)

Based upon the testimony of a VE, the ALJ determined that an individual with Plaintiff's age, education, work experience, and RFC could work as a price marker, mail clerk, or office helper. (R. 26.) The ALJ found that based upon Plaintiff's age, education, work experience and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy. (R. 26–27.) Based on the foregoing, the ALJ concluded Plaintiff had not been disabled from the alleged onset date through the date of the hearing decision and was not disabled under the Social Security Act. (R. 27.)

## V.    DISCUSSION

Plaintiff presents two issues in this appeal. First, Plaintiff argues the RFC is unsupported by substantial evidence because the ALJ did not properly evaluate her psychiatric symptoms. (Doc. No. 13 at 2.) Second, Plaintiff argues the ALJ failed to properly analyze whether good cause existed for her noncompliance with treatment. (*Id*. at 3.) The Court addresses each issue in turn.

A. Evaluation of Psychiatric Symptoms

Plaintiff argues the ALJ erred when crafting her RFC because he improperly focused on when she was noncompliant with her medications "instead of analyzing her mental health symptoms as a whole[.]" (Doc. No. 13 at 8.) The Commissioner responds substantial evidence supports the ALJ's RFC determination. (Doc. No. 17 at 5.)

The RFC assesses the claimant's remaining ability to do work despite her impairments and any related symptoms. 20 C.F.R. § 404.1545(a)(1). When assessing a claimant's RFC, the ALJ must consider "all impairments, severe and non-severe." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984)). The ALJ determines RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Although the ALJ does not need to discuss every piece of evidence, he must consider the claimant's "medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *see also* 20 C.F.R. § 404.1523(c) and Social Security Ruling 96-8p.

Here, substantial evidence supports the ALJ's RFC determination. The ALJ noted that Plaintiff's medical record includes multiple mental status examinations that were generally normal. (R. 23, 651, 704, 779–80, 801–02, 814.) Additionally, the ALJ recognized that while her treatment regimen "does not eliminate all of her symptoms, the stability of these conditions is dependent on proper management[.]" (R. 23.) While the ALJ did note Plaintiff was noncompliant with her medications for months, it was to show that that the noncompliance resulted in a decrease in her mental abilities and that once she resumed taking her medications, her condition improved. (R. 23.) The ALJ cited to specific medical records to support these conclusions. (R. 23, 778–79.) Additionally, the ALJ supported Plaintiff's mental RFC determination with Dr. David Ghostly's consultative psychological examination. (R. 23–24, 674–75.) As the ALJ noted, Dr. Ghostly found Plaintiff's ability to function independently and to manage finances is unimpaired; her ability to reliably understand, remember, and carry out instructions is mildly to moderately

impaired; and her ability to respond appropriately to supervisors, coworkers, and work pressures in a work setting is moderately impaired. (R. 24, 675.) The ALJ also considered the prior administrative medical findings at the initial and reconsideration levels. (R. 25, 51–63, 83–84.) The state agency psychological consultants found Plaintiff was mildly to moderately limited by her mental impairments. (R. 55, 86–88.)[11] The ALJ reasoned the mental RFC restrictions addressed Plaintiff's limitations caused by her anxiety and depressive symptoms; her adaptive limitations; and her limitations in interactional functions. (R. 24.)

Plaintiff points to the Eleventh Circuit's decisions in *Simon* and *Cabrera* to support her argument that the ALJ failed to properly evaluate her psychiatric symptoms, but both are distinguishable. (Doc. No. 13 at 6–7 (citing *Cabrera v. Comm'r of Soc. Sec.*, No. 22-13053, 2023 WL 5768387, at *8 (11th Cir. Sept. 7, 2023); *Simon*, 7 F.4th at 1106). In both cases, the Eleventh Circuit reversed and remanded because the ALJ failed to state good cause for discounting the opinions of the plaintiffs' treating psychiatrists. *See Simon*, 7 F.4th at 1108; *Cabrera*, 2023 WL 5768387, at *8.[12] The Eleventh Circuit held the ALJ erred

---

[11] At the initial and reconsideration levels, the state agency psychologists found Plaintiff moderately limited in her abilities to understand and remember detailed instructions; carry out detailed instruction; maintain attention and concentration for extended periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and respond appropriately to changes in the work setting. (R. 59–60, 87–88.) At the initial level, the state agency psychologist also found Plaintiff moderately limited in her ability to complete a normal workday without interruptions from her psychologically based symptoms and to perform at a consistent pace. (R. 60.)

[12] These cases were decided under the treating physician rule, which only applies to claims filed before March 27, 2017. *See Simon*, 7 F.4th at 1104 n.4; *Cabrera*, 2023 WL 5768387, at *6 (recognizing the treating physician rule only applies to claims filed before March 27, 2017).

when using generalized findings to show inconsistency and discount a treating physician's opinion. *See Simon*, 7 F.4th at 1106 (concluding that "isolated entries in [the treating physician's] notes indicating that [the plaintiff] was at times stable on his meds, without more, cannot constitute or contribute to good cause to reject [the treating physician's] opinions"); *Cabrera*, 2023 WL 5768387, at *8 (stating that if an ALJ seeks to discount a treating physician's opinion "the ALJ must rely on the full range of evidence . . . rather than cherry picking records from single days or treatments to support a conclusion"). Because Plaintiff's claim was filed after the treating physician rule was abrogated, these cases are distinguishable. All that is required here is that the "ALJ's decision is not a broad rejection which is not enough to enable a reviewing court to conclude that the ALJ considered the claimant's condition as a whole." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citation modified). As described in more detail above, the ALJ considered Plaintiff's condition as a whole, including fluctuations in Plaintiff's symptoms and the effectiveness of her medications.[13]

Because the ALJ did not solely rely on Plaintiff's noncompliance with her medication, but rather relied on Plaintiff's medical record, a consultative psychological examination, and the prior administrative medical findings at both the initial and

---

[13] Plaintiff appears to argue the ALJ disregarded evidence that contradicted his conclusion that Plaintiff is not disabled. (Doc. No. 13 at 8.) But, as Plaintiff notes, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer*, 395 F.3d at 1211. Here, the ALJ acknowledged that Plaintiff's treatment regimen does not eliminate all of her symptoms, and noted Plaintiff reported nightmares, anxiety, flashbacks, tiredness from her medication, and hypervigilance. (R. 22–23.) Although the ALJ did not refer to every piece of evidence, the ALJ's decision was not a broad rejection and shows he considered Plaintiff's condition as a whole. *Mitchell*, 771 F.3d at 782.

reconsideration levels, substantial evidence supports the ALJ's RFC determination. *See Winschel*, 631 F.3d at 1178 ("Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." (citation modified)).

Accordingly, the Court finds no reversible error.

B. Noncompliance with Treatment

Plaintiff also argues the Commissioner's decision should be reversed because the ALJ failed to evaluate whether good cause existed for her noncompliance with treatment. (Doc. No. 13 at 11.) The Commissioner responds that the ALJ properly considered Plaintiff's noncompliance in accordance with the regulations. (Doc. No. 17 at 9.)

The Eleventh Circuit has held that "refusal to follow prescribed medical treatment without a good reason will preclude a finding of disability." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)); *see also* 20 C.F.R. §§ 404.1530(b), 416.930(b) ("[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled"). "[B]efore denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care." *Brown v. Comm'r of Soc. Sec.*, 425 F. App'x 813, 817 (11th Cir. 2011) (citing *Ellison*, 355 F.3d at 1275). However, the requirement to consider a claimant's ability to afford medical care applies when "the ALJ relies on noncompliance as *the sole ground* for the denial of disability benefits." *Ellison*, 355 F.3d at 1275 (emphasis added).

Here, the ALJ did not rely on Plaintiff's noncompliance with her medication to deny her disability benefits. Rather, the ALJ highlighted Plaintiff's noncompliance to show medication helped improve her condition. (R. 23 ("once back on her medications the claimant's condition improved")). As the Commissioner notes, an ALJ may consider the "type, dosage, effectiveness, and side effects of any medication" when evaluating a claimant's subjective symptoms. 20 C.F.R. §§ 404.1529(c)(3)(iv); 416.929(c)(3)(iv). That is exactly what the ALJ did here. Additionally, even if the ALJ did deny Plaintiff benefits based on her noncompliance with medication, it was not his sole reason for denying benefits. As explained above, the ALJ relied on Plaintiff's medical record, a consultative psychological examination, and the prior administrative medical findings at both the initial and reconsideration levels when making his decision to deny Plaintiff benefits. Thus, the ALJ was not required to consider Plaintiff's ability to afford treatment. *See Ellison*, 355 F.3d at 1275–76 (affirming the Commissioner's decision when the ALJ's determination that the plaintiff was not disabled "was not significantly based on a finding of noncompliance"); *Brown*, 425 F. App'x at 817 ("Because the gap in medical treatment did not play a major role in the ALJ's decision, any error in considering that gap in treatment was harmless.").

Consequently, the Court finds no reversible error.

## VI.    CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

11

1. Plaintiff's motion for summary judgment (Doc. No. 13) is DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 17) is GRANTED.

3. The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 22nd day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE